# In the United States Court of Federal Claims

No. 11-73C
(Filed June 3, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
B&B MEDICAL SERVICES, INC.,                     *
                                                *
              Plaintiff,                        *
                                                *
       v.                                       *
                                                *
THE UNITED STATES,                              *
                                                *
              Defendant,                        *
                                                *
       and                                      *
                                                *
EAGLE HOME MEDICAL CORP.,                       *
                                                *
              Defendant-Intervenor.             *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

WOLSKI, Judge.

  Pending before the Court is defendant's motion to dismiss the complaint as moot under Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). Defendant argues that the complaint is moot because on January 8, 2014, the Department of Veterans Affairs (VA) canceled the solicitation at issue in this case, VA244-10-RP-0221 (the solicitation), and expects to reissue it on terms allowing plaintiff to compete for an award. Def.'s Mot. to Dismiss (Def.'s Mot.) at 6–9. Plaintiff B&B Medical Services, Inc. (B&B) argues that the case is not moot because the government continues to misapply the non-manufacturer rule (NMR) and because the new solicitation, under which B&B would be eligible to compete for an award, has not yet been reissued. Pl.'s Resp. to Def.'s Mot. to Dismiss (Pl.'s Opp'n) at 1–5.

  The solicitation was initially issued under solicitation number VA244-09-RP-0252 as a small business set-aside under North American Industry Classification System (NAICS) code 532291 --- a services code restricted to offerors with annual

receipts of $7 million or less.  Admin. R. at 252.  Plaintiff, which would not have met that size standard, objected to this classification code and the contracting officer changed the code to supply NAICS code 339112 --- a standard requiring 500 employees or fewer, which B&B met.  Defendant-intervenor Eagle Home Medical Corporation (Eagle Home) filed a size appeal with the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA), and OHA determined that the original NAICS code of 532291 was appropriate for the procurement.  *See* Eagle Home Med. Corp., SBA No. NAICS-5099, 2009 WL 5646459 (Dec. 11, 2009).  Apparently relying on our court's decision in *Rotech v. United States*, 71 Fed. Cl. 393 (2006), the VA resisted complying with the OHA ruling until Eagle Home's subsequent protest concerning the matter was sustained by the United States Government Accountability Office.  *See* Admin. R. at 260, 265; Eagle Home Med. Corp., B-402387, 2010 CPD ¶ 82 (Comp. Gen. Mar. 29, 2010).

After the solicitation was reissued as number VA244-10-RP-0221, B&B filed a bid protest in our court.  The first count challenged as arbitrary the VA's decision to employ services code 532291, arguing that the solicitation's incorporation of an NMR provision from the Federal Acquisition Regulation (FAR), 48 C.F.R. § 52.212-1, required instead the 500-employee size standard.  Compl. ¶¶ 18–29.  Two other counts alleged that the VA and SBA arbitrarily selected the services code 532291 despite the relative predominance of supply items over service items.  *Id.* ¶¶ 30–54.  A fourth count challenged the solicitation's restriction to Historically Underutilized Business Zone (HUBZone) establishments --- as, although B&B was such a concern, *see id.* ¶ 2, under its interpretation of the NMR a HUBZone manufacturer would be needed as the source of all supply items.  *Id.* at 55–63.

Two events subsequent to the filing of the complaint have made this case moot.  First, based on more current industry data, the SBA has increased the size standard for small businesses under NAICS code 532291 to $30 million in annual receipts.  Small Business Size Standards: Real Estate and Rental Leasing, 77 Fed. Reg. 58,747, 58,754 (Small Bus. Admin. Sept. 24, 2012).  Plaintiff concedes that it qualifies as a small business under this standard.  *See* Pl.'s Opp'n at 3.  Second, market research conducted by the VA revealed that a HUBZone restriction was no longer appropriate, and the VA canceled the solicitation so that it may be reissued without such a limitation.  *See* Def.'s Mot. at 4–6 & Ex. A.

Plaintiff does not dispute that the HUBZone restriction will be lifted from the procurement, *see* Pl.'s Opp'n at 1–6, nor does there seem to be any legitimate basis for doubting this.  Without question, that portion of the case is moot.  But B&B argues that its claim that the NMR takes precedence in determining the size standard applicable to this type of procurement is not moot, and that it remains

injured until a new solicitation issues under which it may compete for an award. *Id.* at 3–5.

The Court, however, cannot find this matter distinguishable from the companion case which was dismissed as moot due to the upward revision of the NAICS code 532291 size standard.  *See B&B Med. Servs., Inc. v. United States*, 114 Fed. Cl. 658, 660–61 (2014).  To the extent that plaintiff maintains that the selection of NAICS code 532291 was improper, this impropriety no longer excludes B&B from competition and no other injury has been alleged.  *See* Compl. ¶¶ 29, 45, 54, 66.  The OHA determination requires the VA to use NAICS code 532291 for this procurement, *see* 48 C.F.R. § 19.303(c)(5), and the cancellation will enable the current size standard (under which B&B may compete) to be used.  Just as in the other case brought by plaintiff, the necessary competitive injury to support our jurisdiction did not rest on the government's interpretation of the NMR alone, but required interaction with a size standard under which plaintiff failed to qualify as small.  *See B&B*, 114 Fed. Cl. at 661.  This element is now absent, with the increase in the NAICS code 532291 size standard.

Speculation that the requirements of the successor solicitation may change, either by the choice of the VA or due to protests of other potential offerors --- or that other procurements might exclude B&B unless its view of the NMR is vindicated --- does not change things.  We are now presented with an "abstract disagreement" and not a "specific live grievance."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 479 (1990) (citations omitted) (internal quotation marks omitted).  Plaintiff's controversy with the government concerning its eligibility as an offeror is moot, and our subject-matter jurisdiction is accordingly lost.  *B&B*, 114 Fed. Cl. at 661.  Dismissal under RCFC 12(b)(1) is thus in order.  *See CBY Design Builders v. United States*, 105 Fed. Cl. 303, 328–29 (2012); *Technical Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 278 (2010).

For the reasons stated above, defendant's motion to dismiss this case for mootness is **GRANTED**.  The Clerk shall close the case.

**IT IS SO ORDERED.**

                                          s/ Victor J. Wolski
                                          **VICTOR J. WOLSKI**
                                          Judge